**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RIVIERA MARINE SAM,**<br>Plaintiff, | § § § | |
| **v.** | § § | **C.A. No. ________________**<br>**IN ADMIRALTY, Rule 9(h)** |
| **M/V CS JENNA (IMO NO. 9748409), her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem*; and ARGO NAVIGATION SRL, *in personam*,**<br><br>Defendants. | § § § § § § § § | |

**<u>VERIFIED ORIGINAL COMPLAINT</u>**

TO THE HONORABLE JUDGE:

Riviera Marine SAM ("Plaintiff" or "Riviera"), files this Verified Original Complaint against the M/V *CS Jenna*, IMO No. 9748409, her engines, apparel, furniture, equipment, appurtenances, tackle, etc. ("M/V *CS Jenna* "or "Vessel"), *in rem*, and against at all times relevant her time charterer Argo Navigation SRL (“Argo”), *in personam*, seeking damages and enforcement of its maritime lien, and alleges and pleads as follows.

**<u>JURISDICTION AND VENUE</u>**

1. This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rule C.

2. This Court has admiralty subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333. This is an action for breach of a maritime contract for maritime services and to enforce a maritime lien on the Vessel. This Court also has subject matter jurisdiction under 28 U.S.C. §1331 because the claim arises under, among other things, the Commercial Instruments and Maritime Liens Act (“CIMLA”), 46 U.S.C. §§ 31301(4), 31341-31342. Defendant Argo is subject to personal jurisdiction in this Honorable Court because of its

business contacts with the forum. Defendant M/V *CS Jenna* is subject to this Honorable Court's *in rem* jurisdiction because she is or soon will be located within this District.

3. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) and Supplemental Admiralty Rule C.

4. Plaintiff invokes the maritime procedures and special relief provided in Rule C of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions ("Admiralty Rules") of the Federal Rules of Civil Procedure for the arrest of the M/V *CS Jenna* to enforce a maritime lien as detailed herein.

**PARTIES**

5. At all times material hereto, Riviera Marine SAM was and still is a Monaco corporation, with its principal place of business located at 24 Boulevard Princesse Charlotte, MC 98000, Montecarlo, Principality of Monaco.

6. *In rem* Defendant M/V *CS Jenna* is an ocean-going ship, specifically a bulk carrier, and she is or soon will be located within this District, and more particularly at the port of Brownsville, Texas.

7. *In personam* Defendant Argo Navigation SRL is a foreign corporation that, according to information and belief, is organized and existing under the laws of Italy, with its principal place of business located at Piazza Giovanni Bovio 22, Napoli, Italy.

**FACTS**

8. Riviera brings this action in order to recover money indisputably due and owing to it for necessaries in the form of bunkers (marine fuel) supplied to the M/V *CS Jenna* at the request of Argo, specifically 200 MT VLSFO and 170 MT MGO LS delivered to the M/V *CS Jenna* at Limassol, Cyprus on 20 February 2026 pursuant to a contract for sale of bunkers between Riviera and Argo, for which invoice No. 202602050 was issued on 20 February 2026 in the amount of USD $225,005.00.

9. Plaintiff Riviera is a supplier of bunkers to ships and vessels.

10. Argo is, upon information and belief, at all times relevant the time charterer of the M/V *CS Jenna*, a bulk carrier vessel that is or will soon be located within this District, and more particularly at the port of Brownsville, Texas.

11. Argo contracted with Riviera for Riviera to provide bunkers to the M/V *CS Jenna*.

12. Argo, as charterer of the Vessel, contracted with Riviera Marine SAM for the supply of bunkers to the M/V *CS Jenna* at Limassol, Cyprus, comprising 170 metric tons of MGO L.S. at USD $744.0000/MT and 200 metric tons of VLSFO at USD $484.0000/MT, delivered by barge, with payment due 21 days from the date of delivery.

13. Pursuant to that contract, the physical supplier, Island Petroleum Limited ("Island Petroleum"), delivered the bunkers to the *M/V CS Jenna* at Limassol on 20 February 2026, as recorded in two bunker delivery notes, both of which were acknowledged as received in good order by the Vessel's Chief Engineer. True and correct copies of the Bunker Delivery Notes are attached as Exhibit A.

14. For providing the bunkers, Riviera issued Invoice No. 202602050 (the "Invoice") on 20 February 2026, in the amount of USD $225,005.00, for the 200 MT of VLSFO and 170 MT of MGO L.S. supplied to the Vessel, with payment due 12 March 2026. A true and correct copy of the Invoice is attached as Exhibit B. The Invoice is billed to "MV CS JENNA' owners and/or Charterers and/or Managers and/or Operators and/or ARGO NAVIGATION SRL."

15. This Invoice is for necessaries that were (1) requested by Argo, (2) provided by Riviera, (3) received/accepted by Argo and the Vessel, but (4) not paid by Argo or by the Vessel or her owners.

16. This Invoice is fair and reasonable for the bunkers provided to the M/V *CS Jenna*.

17. Argo has never disputed the charges made in the Invoice in this case.

18. Riviera has made multiple formal demands upon Argo to pay the Invoice in question.

19. Argo has said in an email on 29 May 2026 that it would settle the outstanding invoice but has failed to pay. The Invoice in question remains past due, outstanding, and unpaid.

20. As of the date of this Complaint, Argo owes Riviera the principal amount of $225,005.00, plus interest. *See* Exhibit B. The interest accrued as of September 4, 2026 is $27,393.69, making the total amount currently due $252,398.69.

21. Argo entered into a maritime contract for Riviera to provide the bunkers that are the subject of this case (the "Bunker Contract"). The Bunker Contract between Argo and Riviera was in effect at all times material to this case. A true and correct copy of the Bunker Contract, the Sales Order Confirmation, is attached as Exhibit C.

22. According to the Bunker Contract, payment terms are 21 days from the date of delivery. *See* Exhibit C, p. 1.

23. The Bunker Contract identifies Island Petroleum as the Physical Supplier. The Bunker Contract provides that "Supplier Terms and Conditions will aplly."[*sic*] *See* Exhibit C, p. 1.

24. The Island Petroleum Supplier Terms and Conditions provide that the contract is governed by the General Maritime Law of the United States of America. The Island Petroleum Supplier Terms and Conditions were deliberately incorporated into the Bunker Contract for this specific trade for the supply of bunkers to the *M/V CS Jenna*.

25. Riviera performed all conditions precedent to warrant full and complete payment for the aforementioned Invoice and bunkers.

26. Payment of all sums has been duly demanded by Riviera from Argo. However, to date, the M/V *CS Jenna*, and her time charterer at all relevant times, Argo, have neglected, failed and otherwise refused to pay the outstanding aggregate principal sum of USD $225,005.00, plus interest and fees, for bunkers provided to M/V *CS Jenna*, which is indisputably due and owing to Riviera for the bunkers provided.

27. Bunkers qualify as necessaries for the purposes of CIMLA. *See Valero Mktg. & Supply Co. v. M/V Almi Sun, IMO No. 9579535*, 893 F.3d 290, 294 (5th Cir. 2018). "A contractor is entitled to assert a maritime lien under CIMLA when it contracts with an entity specified in the statute for the delivery of necessaries and those necessaries are delivered pursuant to that arrangement, even if by a subcontractor." *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 515 (2d Cir. 2018).

28. By virtue of Riviera's furnishing of “necessaries” to the M/V *CS Jenna* within the meaning of the CIMLA, 46 U.S.C. § 31301 et seq., Riviera has a maritime lien on the M/V *CS Jenna* for the full amount of its claim for the bunker services provided to the Vessel. Argo was at all relevant times the time charterer of the M/V *CS Jenna* and at all material times held authority to procure necessaries and incur maritime liens on the Vessel.

29. Riviera seeks an order of arrest of M/V *CS Jenna*, including her engines, tackle, equipment, apparel, etc., *in rem*, in accordance with Admiralty Rule C because this Vessel can or will soon be found within this District.

## CAUSES OF ACTION

### A. BREACH OF CONTRACT

30. Plaintiff repeats and re-alleges each and every allegation contained in all preceding paragraphs and incorporates those allegations herein.

31. Riviera and Argo entered into a contract for Riviera to provide bunker fuel to the M/V *CS Jenna*. This contract for sale and providing bunkers is a maritime contract. The bunkers provided by Riviera that are the subject of this case were provided pursuant to the Bunker Contract attached as Exhibit C.

32. Riviera performed the work it was contracted to perform as indicated in the Invoice attached as Exhibit B and the BDN's attached as Exhibit A.

33. Argo, however, has not performed its contractual obligations to pay for the bunkers provided and accepted on behalf of the M/V *CS Jenna*.

34. Argo's nonperformance and failure to pay the Invoice is a breach of the parties' contract.

35. As a result of this breach, Argo owes the amounts due per the Invoice, in addition to penalties and interest, costs and attorneys' fees incurred to collect payment of this debt.

36. As of the date of this filing, Argo owes the principal sum of USD $225,005.00, plus $27,393.69 interest as of September 4, 2026 making the total amount currently due $252,398.69, for the bunkers provided to the M/V *CS Jenna*. *See* Exhibit B. Argo's breach of maritime contract caused damage to Riviera for the full principal amount of the Invoice, plus interest, plus attorneys' fees and all costs incurred to collect this debt.

**B. <u>RULE C ARREST OF VESSEL</u>**

37. Plaintiff repeats and re-alleges each and every allegation contained in all preceding paragraphs and incorporates those allegations herein.

38. As a result of the failure of M/V *CS Jenna* and her owners and her time charterer, Argo, to pay Riviera for the bunkers provided to the M/V *CS Jenna*, under the terms of Riviera's contract and also by operation of law, Riviera's claim for the principal amount of

USD $225,005.00 plus interest and fees attaches a maritime lien on the M/V *CS Jenna* in favor of Riviera, and is enforceable by suit *in rem*. *See* 46 U.S.C. §§ 31301(4), 31341-31342.

39. Accordingly, Riviera seeks to enforce its maritime lien pursuant to Admiralty Rule C by arresting the M/V *CS Jenna*.

**ATTORNEYS' FEES**

40. As a result of Argo's breach, and its failure and refusal to pay for the bunkers provided and the Invoice in question as evident by the Invoice attached as Exhibit B, Riviera has been forced to retain legal counsel and seeks reimbursement for its reasonable attorneys' fees as provided for in Riviera's maritime contract and as required by the laws of the Honorable Court.

**PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Riviera Marine SAM prays as follows:

a) That this Verified Complaint be deemed good and sufficient;

b) That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, be issued against the M/V *CS Jenna*, *in rem,* and Argo Navigation SRL, *in personam*, citing them to appear and answer under oath, all and singular, the matters alleged in the Verified Complaint;

c) That pursuant to Admiralty Rule C, this Court issue an Order directing the Clerk of Court to issue a Warrant of Maritime Arrest, arresting the M/V *CS Jenna*, her apparel, equipment, engines, freight, tackle, etc.;

d) That a warrant for the arrest of the M/V *CS Jenna* be issued and that the Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against the M/V *CS Jenna*, *in rem*, and against Argo Navigation SRL, *in personam*;

e) That after due proceedings, judgment be entered in favor of Riviera Marine SAM and against the M/V *CS Jenna*, *in rem,* and against Argo Navigation SRL, *in personam*,

for the amount of $252,398.69 currently due, plus prejudgment interest, post-judgment interest, costs, *custodia legis* expenses, attorneys' fees, and disbursements for this case;

f) That the M/V *CS Jenna*, *in rem,* after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Riviera Marine SAM out of the proceeds of the said sale the full amount of its claim, together with pre-judgment interest, post judgment interest, costs, *custodia legis* expenses, and attorneys' fees;

g) That the Court grant Riviera Marine SAM such other and further relief as may be just, equitable, and proper.

Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

***/s/ Christopher R. Hart***
Christopher R. Hart
Fed. ID No. 12517
Texas: 09136310
Josiah C. Wolf
Fed. ID No. 3903256
Texas: 24143532
3040 Post Oak Blvd, Fl 18, Suite 129
Houston, Texas 77056
Telephone: (713) 917-0888
Telefax: (713) 953-9470

**ATTORNEY-IN-CHARGE for PLAINTIFF, RIVIERA MARINE SA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RIVIERA MARINE SAM,**<br>Plaintiff,<br><br>**v.**<br><br>**M/V CS JENNA (IMO NO. 9748409), her engines, boilers, tackle, furniture, apparel, appurtenances, etc., *in rem*; and ARGO NAVIGATION SRL, *in personam*,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **C.A. No. ________________**<br>**IN ADMIRALTY, Rule 9(h)** |

**VERIFICATION OF COMPLAINT**

Pursuant to 28 U.S.C. § 1746, MARIO PELLEGRINI declares:

1. I am employed as PRESIDENT of Riviera Marine SAM, the Plaintiff in the above captioned dispute.

2. I have read the foregoing Verified Original Complaint and know the contents thereof.

3. The facts asserted in paragraphs 5 through 36 of the Verified Original Complaint, and any other facts asserted in it, are true and correct within my personal knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 4, 2026 at MONACO.

rivieramarine sam
Immeuble EST-OUEST
24, Bd Princesse Charlotte
MC 98000 MONACO
tél.: +377 9999 6148
R.C.I. 02 S 0430 - DSEE 511 C 10223
TVA: FR 31 0000 6059 9

Signed: [signature]

Name: MARIO PELLEGRINI
Title: PRESIDENT,
Riviera Marine SAM

[signature]